UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------X

UNITED STATES OF AMERICA,                NOTICE OF MOTION
        -against-
                                            CR-07-461 (HB)

BONNIE CHAO,

------------------------------------------------------X

SIR/MADAM

      PLEASE TAKE NOTICE, that the defendant BONNIE CHAO, by her attorney KELLEY J. SHARKEY, ESQ., and upon the annexed affirmation and all papers and proceedings in this case, moves this Court, before the Honorable Harold Baer, in the United States District Court for the Southern District of New York, for an Order:

      A.  Suppressing statements made by Bonnie Chao, pursuant to Rule 12 (b)(3)( C ) of the Federal Rules of Criminal Procedure, on the grounds that they were involuntary and were obtained in violation of her *Miranda* rights;

      B.  Requiring the government to disclose, in a timely fashion, any prior bad acts or criminal convictions that it intends to use in any manner upon the trial of the defendant;

      C.  Directing the government to provide the defendant with all exculpatory material pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny;

      D.  Pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure for an order directing the government to provide additional particulars as to the conspiracy;

      E.  Joining all relevant motions made by any and all co-defendants herein;

      F.  For such further relief as the Court deems fair and appropriate.

      In support of this motion, BONNIE CHAO, relief upon the annexed affidavits of Kelley Sharkey, Esq., and BONNIE CHAO, the Fifth and Fourteenth Amendments to the United States Constitution, Fed. R. Crim.P. 12(b)(3), the indictment and the authority cited within.

Dated: Brooklyn, New York
      July 16, 2007

                                                                                    _____
                                                                                    Kelley J. Sharkey

To: Clerk of the Court, Criminal Term
    United States Courthouse

    AUSA David A. O'Neil
    Office of the United States Attorney
    One St. Andrew's Plaza

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------X

UNITED STATES OF AMERICA,                    AFFIRMATION AND
                                             MEMORANDUM OF LAW
            -against-
                                             CR-07-461(HB)

BONNIE CHAO,

-------------------------------------------------X

       KELLEY J. SHARKEY affirms:

     1. I am the attorney appointed to represent Bonnie Chao. I make this affirmation in support of Ms. Chao's motion for suppression of statements, disclosure pursuant to F.R.E.404 (B), Brady demand, and other motions. This affirmation is based on conversations with the prosecution, the defendant, review of the indictment and discovery provided by the prosecution and other sources.

## Procedural History

     2. On April 24, 2007 Bonnie Chao was arrested by Federal Agents and charged with Conspiring to Defraud a Financial Institution in violation of 18 U.S.C.§1344. She was arraigned, entered a plea of not guilty, and was released on bond.

## Motion to Suppress Statements

     3. In 2000 Bonnie Chao was employed at the Canal Street branch of Abacus Bank. Carol Lim was the vice president of Abacus Bank and the Canal Street branch manager.

     4. In April 2003, an internal bank review of Abacus customer's accounts revealed that from about 1999 through and including April 2003, Carol Lim the Vice President of the Canal Street and Bonnie Chao's superior at Abacus bank was engaged in bank fraud and embezzlement.

     5. An investigation by federal agents was initiated and Ms. Chao was interrogated on numerous occasions.

     6. Ms. Chao was interrogated by the FBI on at least 3 occasions and made statements which the Government intends to introduce into evidence at trial. The defense requests that the statement obtained on September 9, 2003 be suppressed since it was made in violation of Ms. Chao's rights under *Miranda v. Arizona*, 384 U.S. 436 (1966); and the Fifth and Sixth

Amendments of the United States Constitution. At this time, the defense is not challenging the admissibility of the other interrogations.

7.  Ms. Chao was on September 9, 2003 by FBI personnel. The government disclosure recording this questioning, bates stamp pages 3- 006 to 3-009, notes that the interrogation occurred at Ms. Chao's place of employment. Ms. Chao remembers this questioning occurring at FBI offices in lower Manhattan and the government agrees that was the location of the September 9, 2003 questioning.

8. In relation to the September 9, 2003 interrogation, the defendant Bonnie Chao asserts that she was directed by law enforcement to come to the FBI offices for questioning and believed at the time of the questioning that she was not free to leave. She does not remember *Miranda* warnings being administered to her, and she did not knowingly waive her Fifth Amendment privilege against self-incrimination prior to making the alleged statement to law enforcement personnel.

9.  *Miranda* warnings are required where the circumstances of a detention escalate to the equivalent to a formal arrest. *United States v. Ali,* 68 F.3d 1468, 1473 (2d Cir. 1995).The custody inquiry is a factual one and focuses on the presence or absence indications that the defendant was not free to leave. It is an objective test based on the perspective of a reasonable person in the suspect's position. *Berkimer v. McCarty,* 468 U.S. 420, 442 (1984). The location of interrogation is commonly considered a factor in determining whether a suspect is in custody.

10.  Here the defendant believed that: she was required to go to the FBI offices once summoned; was not free to leave once she arrived; and was obligated to answer all questions put to her by government agents. She does not remember being advised of her rights pursuant to *Miranda*.

11.  It was under these circumstances that Bonnie Chao made an inculpatory statement on September 9, 2003 to law enforcement.

12.  Under the *Miranda* doctrine a "heavy burden rests on the government to demonstrate that the defendant knowingly and intelligently waived his privilege against self incrimination and his right to counsel". *Miranda,* 384 U.S. at 475. The waiver must have been made with full awareness both of the nature of the right to be abandoned and the consequences of the decision to abandon it. *Moran v. Burbine,* 475 U.S. 412, 421 (1986).

13.  Under the circumstance of the September 9, 2003 questioning, Ms. Chao reasonably believed she was in custody and was never advised of her rights pursuant to *Miranda*. Accordingly, her statement should be suppressed.

F.R.E.  404 (B)

14.  The Government, upon information and belief, may introduce evidence concerning prior bad acts of the defendant Bonnie Chao at trial.

15.  In accordance with Rule 404(b) of the Federal Rules of Evidence and the constitutional requirements espoused in U.S. v. Baum, 482 F2d 1325 (2nd Cir. 1973); U.S. v Davidoff, 845 F 2d 1151 (2nd Cir. 1988); and other the authority, the defense requests that the Government disclose any and all acts which the government would seek to introduce against the defendant in such sufficient and reasonable time that the defendant may move pursuant to Rules 403 and 404(b), to preclude introduction of such evidence.

### Brady and other Material

16.  In accordance with Fed. R. Crim. Pro 16 and the constitutional requirements espoused in Kyles v. Whitley, ___ U.S. ___; 115 S.Ct. 1555 (1995), U.S. v. Bagley, 473 U.S. 667 (1985), U.S. v. Agurs, 427 U.S. 97 (1976), Giglio v. U.S., 405 U.S. 150 (1972), Brady v. Maryland, 373 U.S. 83 (1963), and their progeny the defense request disclosure of all material favorable to him bearing on any of the issues raised by the indictment or the government's proof at trial.

### Motion for a Bill of Particulars

17.  A limited bill of particulars is appropriate in this case. I have reviewed much of the disclosure provided by the Government, but it does not provide essential particulars about the charges contained in the indictment. Information concerning the Conspiracy is necessary in order to defend Ms. Chao against the crimes charged. *See United States v. Ramirez*, 54 F.Supp.2d 25, 30 (D.D.C. 1999) (noting that a bill of particulars is "all the more important in a narcotics conspiracy case" because of the "less stringent pleading requirements" involved, including the lack of need by the government to list any overt acts).

18.  Accordingly, pursuant to Federal Rule of Criminal Procedure 7(f) and the authority and arguments I request the following bill of particulars.

19.  The date Bonnie Chao allegedly joined the conspiracy, and the date she last participated in the conspiracy.  *See United States v. Ramirez*, 54 F.Supp.2d 25, 30 (D.D.C. 1999); *United States v. Strawberry*, 892 F.Supp. 519, 527 (S.D.N.Y. 1995); *United States v. Taylor*, 707 F.Supp. 696, 700 (S.D.N.Y. 1989); *United States v. Aranci*, 28 F.R.D. 12, 14 (D.Conn. 1961).

20.  The date(s) and location(s) of any meetings or conversations at which the government will contend that Bonnie Chao joined the conspiracy.  *See Taylor*, 707 F.Supp. 696, 700.

21.  The date each of the other defendants allegedly joined and last participated in the conspiracy.  *See Ramirez*, 54 F.Supp.2d 25, 30; *Strawberry*, 892 F.Supp. 519, 527; *Taylor*, 707 F.Supp. 696, 700.

22.  The date, location and nature of each overt act committed by Bonnie Chao in furtherance of the conspiracy, and the identities of all co-defendants with whom she committed each such act.  *See Ramirez*, 54 F.Supp.2d 25, 30.

      23.    The date, location and nature of each overt act committed by each of the other defendants in furtherance of the conspiracy, and the identities of all co-defendants with whom they acted as to each. *See Ramirez*, 54 F.Supp.2d 25, 30; *see also United States v. Hubbard*, 474 F.Supp. 64, 81 (D.D.C. 1979) (requiring government to identify overt acts committed by unindicted co-conspirators).

Other Motions

      24. Counsel has endeavored to bring all motions applicable at this time but requests leave to bring any additional motions which may become necessary based upon the government's response to the present motions or new facts uncovered by the defendant's ongoing investigation into this case. Further, defendant joins in all motions made by co-defendants and relies upon the grounds raised by co-counsel in support thereof.

      WHEREFORE, the defendant respectfully moves for the relief set forth herein and that the Court grant such other and further relief as it may deem just and proper.

Dated: Brooklyn, New York
      July 19, 2007

w/o enclosures, affidavit mailed
under separate cover

                                                                                                                                 _____
                                                                                                                                 Kelley J. Sharkey